On Return to Remand.
On August 30, 2002, we remanded this case to the trial court for it to take the necessary steps to determine when its order denying Russ's June 29, 2000, Rule 32, Ala.R.Crim.P., petition was entered — i.e., stamped as received by the circuit clerk — and to determine whether Russ received a copy of the order that was stamped as received by the circuit clerk. If the trial court determined that the 42-day period for filing a notice of appeal had run before Russ received his copy of the order dismissing his Rule 32 petition or if the trial court determined that Russ received no notice that the order had been entered and, thus, that the 42-day appeal period had begun to run, as Russ alleged in his petition, it was to grant him an out-of-time appeal.
Pursuant to this Court's instructions, the trial court issued the following order:
 "After diligent review of the file(s), it is readily apparent that the order denying Russ's June 29, 2000 petition was stamped as received by the clerk on August 25, 2000 . . . . While the trial court customarily mails a copy of all orders to the parties and/or attorneys of record on the date it is filed in the circuit clerk's office, it is not the practice of the Court to send such orders by certified mail. It is, therefore, impossible to determine with certainty whether the petitioner ever received such order, much less whether he received it prior to expiration of time for filing appeal. *Page 1036 
 "It is therefore, Ordered, Adjudged and Decreed Petitioner is Granted an out-of-time appeal."
This appeal is therefore dismissed; petitioner may file an out-of-time appeal.
APPEAL DISMISSED.
Cobb, Baschab, Shaw, and Wise, JJ., concur.